# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50242
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

REYNALDO MALDONADO-GARCIA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-2411-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Reynaldo Maldonado-Garcia appeals the 37-month within-guidelines sentence imposed following his guilty plea conviction for illegally reentering the United States after having been deported. Maldonado-Garcia challenges the substantive reasonableness of his sentence on the ground that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He argues that his sentence overstates the seriousness of his illegal reentry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50242

offense because the offense is essentially an international trespass and that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based and results in the double counting of prior criminal convictions.

This court reviews sentences for "reasonableness," applying an abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Although Maldonado-Garcia asserts that a presumption of reasonableness should not apply to a within-guidelines sentence that was imposed under § 2L1.2 because that Guideline lacks an empirical basis, he concedes that the issue is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009).

Further, we have rejected the arguments that illegal reentry is merely an international trespass offense that is treated too harshly under § 2L1.2, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006), and that a sentence imposed pursuant to § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of any double counting inherent in that Guideline, *see Duarte*, 569 F.3d at 529-31. Moreover, Maldonado-Garcia's dissatisfaction with the Sentencing Commission's decision to place significant emphasis on prior convictions in illegal reentry cases does not render his sentence, imposed in line with that policy, beyond the discretion of the district court. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Finally, although Maldonado-Garcia argues that the guidelines range does not adequately account for his personal history and characteristics and that his sentence is greater than necessary to provide adequate deterrence and to protect the public, the record does not reflect that his within-guidelines

2

sentence "does not account for a factor that should receive significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, he has failed to rebut the presumption of reasonableness that attaches to his within-guidelines range sentence. *See id.*

The judgment of the district court is AFFIRMED.